**N. C. GINTHER et al., Petitioners,**

v.

**FEDERAL ENERGY REGULATORY COMMISSION, Respondent.**

No. 79–3068.

United States Court of Appeals, Fifth Circuit.

June 12, 1980.

Fulbright & Jaworski, Michael J. Manning, Patrick J. Keeley, Washington, D. C., for petitioners.

Rhodell G. Fields, Federal Energy Regulatory Commission, Washington, D. C., for respondent.

Before CHARLES CLARK, RONEY, and GARZA, Circuit Judges.

PER CURIAM:

Petitioners seek review of a July 28, 1979, order of the Federal Energy Regulatory Commission [Commission], which denied the petitioners' request for special relief from an August 14, 1977, Commission order requiring the refund of certain sums received from the interstate sales of natural gas.

The petitioners, the non-operating working interest owners of certain leases in the Sarco Creek and West Videuri fields of Texas, contend (1) that the Commission's actions failed to meet the minimum standards for agency decision-making; (2) that the Commission abused its discretion both by failing to give a rational basis for its denial of relief and by failing to meaningfully address the petitioners' pleadings and the considerations of equity raised therein; (3) that the Commission's denial of relief was arbitrary, capricious, and unduly discriminatory; and (4) that the Commission's unreasonable delay both in investigating the 1958 rate increase filed by the petitioners and in determining that refunds are due and payable is of such magnitude as to excuse all or a portion of their refund obligations. We reject the petitioners' contentions and affirm the Commission's order.

As is shown by this Court's recent decision in *Estate of French v. Federal Energy Regulatory Comm'n*, 603 F.2d 1158 (5th Cir. 1979), petitioners' first, second, and third contentions are totally without merit. *See id.* at 1161–67. The Commission dealt with petitioners' contention, unique to this case: that the operator failed to file for contractually authorized rate increases, improperly dissipated funds held for refund obligation, and then went bankrupt. It was within the broad discretion and wide latitude given the Commission in acting upon individual requests for relief to decide that petitioners were bound by the failure of their operator to file for rate increases and that the operator's bankruptcy was in no way relevant to the non-operating working interest owners' obligation to refund. Neither argument contradicts the financial ability of the petitioners to make the refunds. Petitioners' fourth contention, as it relates to the Commission's delay in determining the just and reasonable rates for the Texas Gulf Coast area, likewise is without merit. *See id.* at 1167.

Petitioners also complain of the Commission's delay in ordering the disbursement of the excess rates once the base

area rates were determined. They note that the Commission set the base area rates in an opinion issued May 6, 1971, see *Area Rate Proceeding (Texas Gulf Coast Area)*, Opinion No. 595, 45 F.P.C. 674 (1971), but did not order the disbursement of refunds until February 23, 1976. *See In re Texas Gulf Coast Area*, Nos. 64–2, *et al.* (F.P.C. Feb. 23, 1976) (order directing disbursement of refunds). *See also In re Texas Gulf Coast Area*, Nos. 64–2, *et al.* (F.P.C. July 14, 1977) (order directing disbursement of refunds). However, the petitioners fail to recognize that this delay did not result from the Commission's "slothfulness, lethargy, inertia or caprice." *See Chromcraft Corp. v. United States Equal Employment Opportunity Comm'n*, 465 F.2d 745, 748 (5th Cir. 1972); *Estate of French v. Federal Energy Regulatory Comm'n*, 603 F.2d at 1167. Rather, the delay resulted solely from the protracted litigation that surrounded the Commission's determination of base area rates. *See Public Service Comm'n v. Federal Power Comm'n*, 487 F.2d 1043 (D.C.Cir. 1973), *vacated and remanded*, 417 U.S. 964, 94 S.Ct. 3167, 41 L.Ed.2d 1136 (1974), *on remand*, 516 F.2d 746 (D.C.Cir.1975). The Commission acted prudently in awaiting a final resolution of that litigation before ordering the disbursement of refunds. The petitioners' charge of undue delay is unfounded.

The petitioners also complain of the Commission's delay in acting on their request for special relief. Delays by the Commission in acting on such petitions have required this Court in the past to order equitable relief. *See Estate of French v. Federal Energy Regulatory Comm'n*, 603 F.2d at 1167–68. Such relief is not required in this case. Unlike the situation presented in *Estate of French*, which involved a seven year delay after the request for special relief (part of which was due to the Commission's loss of the file), the instant proceedings indicate no extraordinary delay. Here the Commission acted on both the petitioners' request for special relief and the intervention of Tennessee Gas Pipeline Company without specific problems and within a reasonable period of time.

Because we find all contentions raised in the petition for review to be without merit, the July 28, 1979, order of the Commission is

AFFIRMED.